UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:04-CR-08 |
| | ) | |
| JIMMY C. SCOTT AND | ) | |
| CLARA L. SCOTT | ) | |
| | ) | |

**O R D E R**

The defendants have filed an objection to the Report and Recommendation of the United States Magistrate Judge which recommended the denial of the defendants' motion to dismiss the indictment. [Doc. 37]. Following the filing of that motion to dismiss, which takes issue with the indictment's charge of "income and earnings," when the applicable statue merely refers to what the employee "earns" . . . "in employment or self-employment of any kind," the government obtained a superceding indictment, which, other than dropping one count, differs from the original indictment only in that it charges the term "earnings" rather than "income and earnings." The government submits that the defendants' motion to dismiss is now moot in light of the removal of the offending language in the superceding indictment. The defendants disagree, asserting that the motion to

dismiss the original indictment is still relevant to the Court's determination of their motion to dismiss the superceding indictment. [Doc. 87]. Essentially, the defendants argue that their motion to dismiss the original indictment should be granted, and that with the dismissal, the original indictment is treated as a nullity which cannot be corrected through a superceding indictment.

While the defendants' first motion to dismiss is essentially moot given that it seeks the dismissal of an indictment which has been superceded, the Court will address the merits of the defendants' motion by reason of its relevance to the motion to dismiss the superceding indictment. The Court has carefully reviewed the Report and Recommendation of the United States Magistrate Judge, and agrees with his finding that, while the use of the word "income" in the original indictment was ill-considered, when the entire indictment is read, it is clear that the offenses with which the defendants are charged are premised solely upon Mr. Scott's receipt of subchapter S corporation distributions in excess of $400.00 per month, and not any other source of income. For that reason, the Report and Recommendation is **ADOPTED** and **APPROVED**, and the defendants' first motion to dismiss is **DENIED**. [Docs. 71 and 37].

Given the Court's ruling on the defendants' first motion to dismiss, obviously the defendants' motion to dismiss the superceding indictment must be denied, since it is predicated upon the Court first holding that the original

indictment is a nullity.  However, regardless of whether the original indictment is a nullity, the defendants cite to no Sixth Circuit authority for the proposition that the dismissal of the original indictment somehow necessitates the dismissal of the second indictment.[1]  This is not surprising, given that a ruling in the defendants' favor would be contrary to the law of this Circuit.  Even had the original indictment been dismissed by this Court, the superceding indictment is valid. *United States v. Blair*, 214 F. 3d 690, 700 (6th Cir. 2000).  In fact, even were use of the term "superceding" inappropriate given the non-existence of an original indictment, the superceding indictment would be treated simply as an original indictment, and the term "superceding" ignored as surplusage.  *Id.* at 701.

Accordingly, for the foregoing reasons, the defendants' joint motion to dismiss the superceding indictment is **DENIED**.  [Doc. 87].

**SO ORDERED.**

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

[1]  While the defendants cite to *United States v. Crysopt Corp.*, 781 F. Supp. 375(D. MD. 1991) purportedly for the proposition that a defective original indictment cannot be corrected by a superceding indictment,  what *Crysopt* actually speaks to is the whether a superceding indictment can relate back to a defective original indictment for statute of limitations purposes, not whether a superceding indictment to a defective original indictment can confer jurisdiction upon the trial court.