UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:04-CR-08 |
| | ) | |
| CLARA L. SCOTT | ) | |

**O R D E R**

This criminal matter is before the Court on Defendants' Second Joint Motion to Compel Discovery and Disclosure[1] filed on May 23, 2005, the fifth day of this criminal jury trial[2]. The motion seeks various "papers, documents, data, [and], tangible objects" pursuant to Rule 16(a)(1)(E)(i) and *Brady v. Maryland*, 373 U.S. 83 (1963). The materials sought by the defendant relate to a July, 2004 document introduced at trial as Exhibit 28 and an opinion of the General Counsel of the Railroad Retirement Board (Opinion L79-103) dated March 14, 1979 and referred to in the Court's February, 2005 order affirming the Report and Recommendation of the United States Magistrate Judge and overruling the defendants' motion to dismiss. For the reasons set forth below, the

---

[1] Although styled as a joint motion, the motion is only captioned on behalf of Clara L. Scott and is signed only by Clara Scott's counsel.

[2] Counsel has acknowledged his "neglect" in not filing this motion earlier. The Court sees no reason for counsel's failure to file the motion as it relates to opinion L79-103 at an earlier date.

motion will be DENIED.

The defendant contends that the requested disclosures are, or may lead to, admissions of a party opponent admissible pursuant to Rule 801(d)(2)(A)-(D). The essence of the defendants' argument is that the requested disclosures may contain materials which the defendant might use to create reasonable doubt as to the defendants' intent to defraud or, more specifically, whether or not the defendants acted with an honestly held good faith belief that their conduct was legal. Certainly, an honestly held good faith belief may in fact be a defense to the crimes charged in this indictment which require a specific intent on the part of the defendants. The essence of the question in assessing the defendants' willfulness is whether their beliefs, whatever they were, were in fact held honestly and in good faith by the defendants and not whether those beliefs were right or wrong or objectively reasonable or unreasonable.[3] The reasonableness of any subjectively held belief of the defendants might be considered by the jury in determining whether or not such belief was in fact honestly held.

Even if the assertion of the defendant is correct, that is, that the requested disclosures might contain "statements" by some employee of the Railroad Retirement Board that the regulation at issue in this case is somehow ambiguous or that the interpretation given to the statute by the defendants in this case is reasonable, such

---

[3] Proof that some employee at the Railroad Retirement Board expressed an opinion as to the meaning of the regulation, not communicated to the defendant, would be probative, if at all, as to the objective reasonableness of the defendant's belief and not as to any subjectively held belief the defendant might have had.

2

statements would not likely be admissible in this case. As acknowledged by the defendant, no formally promulgated regulation has been issued with respect to the issues raised by this motion and it is extremely unlikely that any statement by an employee of the Railroad Retirement Board would be one that could bind the government as an admission. Not only that, it is this Court's province, not the province of the jury, to interpret the statutes and regulations at issue in this case and to properly instruct the jury as to the law. Put more succinctly, it is not the province of the jury to resolve legal issues. This Court has previously determined that the regulations and statutes at issue in this case are unambiguous and clearly required the defendant, Jimmy Scott, to report his work and earnings to the Railroad Retirement Board. Defendants' reliance on *United States v. Lanier*, 73 F. 3d 1380 (6th Cir. 1996)(*reversed*, 520 U.S. 259, 117 S. Ct. 1219, 137 L E 2d 432 (1997) is misplaced. First of all, the decision relied upon was reversed by the United States Supreme Court. Secondly, nothing in the Sixth Circuit opinion stands for the proposition that the issues being raised by the defendant are jury questions.

The motion of the defendant is **DENIED**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

3